# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DAVID P. OGDEN, )
                                         )
            Plaintiff, )
                                         )
v. ) Case No. CIV-06-049-KEW
                                         )
JO ANNE B. BARNHART, )
Commissioner of Social )
Security Administration, )
                                         )
            Defendant. )

## OPINION AND ORDER

Plaintiff David P. Ogden (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on December 2, 1956 and was 48 years old at the time of the ALJ's decision. He completed his education through the eleventh grade and attended some classes at a vocational/technical school but not to completion. Claimant has worked in the past as a sawmill laborer, a trim carpenter, a cabinet shop supervisor, and a construction superintendent. Claimant alleges an inability to work beginning August 29, 1998, due to neck pain, head pain, right hand and arm pain, low back pain resulting from degenerative disc disease, left leg problems, inability to get along with others due to pain, a need to lie down much of the day, concentration problems, sleep problems and

3

medication side effects.

**Procedural History**

On March 27, 2003, Claimant protectively filed for disability benefits and supplemental security income under Title II and Title XVI, respectively, of the Social Security Act (42 U.S.C. § 401, *et seq.*). Claimant's application for benefits was denied initially and upon reconsideration. A hearing before ALJ, Michael Kirkpatrick was held on October 21, 2004. By decision dated February 24, 2005, the ALJ found that Claimant was not disabled at any time through the date of the decision. On December 9, 2005, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step two of the sequential evaluation. He determined that Claimant's medical conditions were not severe and Claimant retained the residual functional capacity ("RFC") to allow her to perform sedentary work in the national economy.

**Review**

Claimant asserts the ALJ committed error requiring reversal in failing to (1) make proper step two and RFC findings such that they were based on substantial evidence; and (2) make a proper

4

credibility analysis.

## Step Two Analysis

Claimant asserts the ALJ's findings at step two of the sequential evaluation are not supported by substantial evidence. Specifically, Claimant challenges the ALJ's findings as to his hand and wrist impairments. Claimant claims reduced grip strength and range of motion deficits in his wrists and fingers. He underwent an consultative examination by Dr. Terry L. Kilgore. Dr. Kilgore found a reduction in Claimant's range of motion in his wrists, hands and fingers in his evaluation. Specifically, Dr. Kilgore found (1) wrist rotation of 70 (full range is 80); (2) radial and ulnar motion of 20 and 10, respectively (full range is 30 and 20); (3) wrist hinge of 50 (full range is 60); (4) thumb flexion of the proximal phalange of 60 (full range is 70); (5) thumb flexion of the distal phalange of 80 (full range is 90); (6) finger flexion of the distal phalange of 70 (full range is 80); (7) finger flexion of the middle phalange of 100 (full range is 120); (8) finger flexion of the proximal phalange of 80 (full range is 90); (9) finger hyperextension of the proximal phalange of 10 (full range is 30). Dr. Kilgore did find, however, that Claimant could manipulate small objects and effectively grasp tools. (Tr. 549). Dr. Kilgore also stated in his report that Claimant's "upper extremities revealed normal hands, wrists, elbows and shoulders." (Tr. 548).

The ALJ discussed Dr. Kilgore's report to the extent he

5

references Claimant's hands and wrists at all in referring to the finding of "normal" hands, wrists, elbows and shoulders. (Tr. 387). The ALJ does not refer to the report's other findings of a reduction in range of motion in Claimant's hands and wrists.

While an ALJ is not required to discuss every piece of medical evidence contained in the record, he is required to "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). Further, it is "improper for the ALJ to pick and choose among the medical reports, using portions of evidence favorable to his position while ignoring other evidence." Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004).

In this case, the ALJ cites to Dr. Kilgore's "normal" reference but it is unclear what was intended by the term. In the context in which it is used in the report, "normal" may have referred to appearance rather than function. The reference is further clouded by the subsequent findings of restrictions in range of motion in Claimant's wrists and hands. As a result, this Court finds it to have been error for the ALJ to fail to discuss the restrictions in range in motion in Dr. Kilgore's report while adopting an ambiguous reference to normality. This Court does not make a specific finding as to whether the restrictions were sufficient to be considered "severe," as this remains a factual

6

determination which the ALJ shall address on remand.

Similarly, the Residual Physical Functional Capacity Assessment form completed by Dr. Vashdeed also did not refer to the range of motion deficiencies in Dr. Kilgore's report. (Tr. 611-618). On remand, the discrepancy should be addressed in arriving at Claimant's RFC.

### Determination of Claimant's Credibility

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or

7

sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

Claimant contends the ALJ did not base his credibility findings on substantial evidence. Specifically, Claimant contends the reversible discrepancies in the ALJ's credibility findings include (1) Claimant had not pursued additional surgery when in fact prior surgery had been ineffective and surgery was not recommended by his treating physicians; (2) the ALJ determined "[i]t would seem that someone with a condition as severe as is alleged by the claimant would seek more frequent medical care" when Claimant repeatedly sought and obtained treatment during the relevant period, including pain controlling medication; (3) the ALJ concluded that a lack of objective medical evidence belied Claimant's assertions of debilitating pain, finding the testing which was performed were "relatively within normal limits" when in fact a cervical MRI of Claimant revealed disc bulges and other abnormalities; (4) none of Claimant's examining physicians placed work restrictions on him, when restrictions are not required for a finding of disability; and (5) the ALJ found Claimant's statements on restrictions of his daily living contained discrepancies, when the testimony of his wife and mother-in-law supported his contentions. Claimant also states the ALJ should have considered his prior extensive work history in weighing his credibility,

presumably indicating a willingness to work and not malingering.

Many of the ALJ's statements challenging Claimant's credibility are generalized "feelings" which the ALJ derives from Claimant's activities rather than supported evidentiary determinations. As a result, the ALJ shall reevaluate Claimant's credibility on remand with specific evidentiary references to the record.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 17th day of November, 2006.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE